```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| CHRISTOPHER G. RHODES, ) | |
| ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-00977 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Christopher G. Rhodes's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. No. 1. In his § 2255 motion, Movant brings one claim: (1) that he was unconstitutionally sentenced as a career offender under the United States Sentencing Guidelines ("USSG.") based upon the principles in *Johnson v. United States*, 576 U.S. 591 (2015). For the reasons set forth below, Movant's motion will be denied.

**I.     Background**

Movant was indicted on October 17, 2002, in a single-count indictment charging him with possession with intent to distribute over 50 grams of cocaine base. On April 9, 2003, pursuant to a plea agreement, Movant pleaded guilty to knowing and intentional possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S. C. § 841(a)(1). *See United States v. Rhodes*, 4:02-cr-00527- JCH-1; Crim. ECF No. 20. As part of a plea agreement, Movant waived all rights to appeal or to pursue a motion for post-conviction relief, except for asserting claims of prosecutorial misconduct or ineffective assistance of counsel. Crim. ECF No. 21.

A Presentence Investigation Report was ordered prepared, which concluded that Movant qualified as a career offender under U.S.S.G. § 4B1.1(a) because he had two or more prior felony convictions for a crime of violence or a controlled substance offense.[1]  Movant appeared for sentencing on September 18, 2003.  At the sentencing hearing the Court accepted the Presentence Investigation Report and adopted the factual statements and guideline calculations contained in the report.  Movant was sentenced by the undersigned to the custody of the Bureau of Prisons for a term of 294 months.

Movant appealed his sentence, and on October 7, 2004, the Eighth Circuit issued an opinion dismissing his appeal pursuant to the appeal waiver contained in his plea agreement.

## II.     Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  *See Davis v. United States*, 417 U.S. 333, 346 (1974).

28 U.S.C. § 2255 provides a one-year statute of limitation that requires petitioners to file their motions to vacate within one year of the date the judgment becomes final by the completion of direct review.  28 U.S.C. § 2255(f)(1).  A movant may file at a later date, however, if the motion is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[1] Movant had a prior conviction for robbery in the 2nd degree in Missouri (Mo. Rev. Stat. § 569.030) and a prior conviction for illegal sale of cocaine base.  *See* Presentence Investigation Report at ¶ 31.

2

Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

### III. Discussion

Movant argues that he is entitled to relief under § 2255 because, under the principles in *Johnson*,[2] he no longer qualifies as a career offender under the Sentencing Guidelines. In *Johnson*, the Supreme Court found that the Armed Career Criminal Act's ("ACCA") residual clause—which defines a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague. 135 S. Ct. at 2563.

When Movant was sentenced, the Guidelines were mandatory and they contained a residual clause identical to the clause in ACCA that was found unconstitutional in *Johnson*. *See* U.S.S.G. § 4B1.2(a)(2). Movant claims that his prior convictions fell within the scope of the Guidelines' residual clause, which he asserts is now unconstitutionally vague under *Johnson*. Essentially, Movant argues that *Johnson* created a new rule of constitutional law applicable to the mandatory Guidelines, and that he was thus unconstitutionally sentenced as a career offender. The government argues that *Johnson* did not create a new rule applicable to the mandatory Guidelines, and therefore, it does not apply to Movant's claim, which must be dismissed as untimely under 28 U.S.C. § 2255(f).

After Movant filed the instant petition, the Supreme Court issued an opinion on a related question in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court addressed whether a career offender could assert the holding of *Johnson* to challenge the vagueness of the residual clause in the advisory Guidelines. The Supreme Court determined that the advisory sentencing guidelines were not subject to vagueness challenges, holding that:

---

[2] The Supreme Court made *Johnson* apply retroactively by holding in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) that *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review."

> Unlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892.

After *Beckles* was issued, Movant sought and was granted leave to file a supplemental brief in support of his petition.  In his supplemental brief, Movant argued that the advisory nature of the Guidelines at issue in *Beckles* was central to the Court's holding, and therefore, *Beckles* "confirms that *Johnson's* void-for-vagueness doctrine applies to mandatory career offender sentences by pointedly limiting the doctrine to 'laws that fix the permissible sentences for criminal offenses.'"  Doc. 6 (quoting *Beckles* at 892).

The government argued in reply that the decision in *Beckles* indicated that *Johnson's* applicability to the mandatory Guidelines remained an open question, and therefore Movant cannot rely on the "new rule" announced in *Johnson* and his petition must be dismissed as untimely.  In support of its argument, the government points to Justice Sotomayor's concurrence in *Beckles*, which stated that "[t]he Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question" whether defendants sentenced to terms of imprisonment under the mandatory Guidelines may mount challenges to their sentences on vagueness grounds.  *Beckles*, 137 S. Ct. at 904 n.4 (Sotomayor, J., concurring) (noting that this question "is not presented by this case and I, like the majority, take no position on its appropriate resolution").

After briefing was complete in this matter, the Eighth Circuit issued a decision in a case strikingly similar to this one, the holding of which forecloses Movant's argument for relief.  *See Russo v. United States*, 902 F.3d 880 (8th Cir. 2018).  In *Russo*, the petitioner was sentenced, like Movant, when the Guidelines were treated as mandatory.  Following *Johnson*, Russo filed a

§ 2255 motion alleging that the residual clause of the Guidelines was unconstitutionally vague, and that he had a right to be resentenced without reference to the clause. After *Beckles* was issued, Russo further argued, like Movant, that *Johnson* supported his claim "because the mandatory guidelines 'fix' a defendant's sentence like the [ACCA] did in *Johnson*, and that the advisory guidelines at issue in *Beckles* are distinguishable because of their flexibility." *Russo*, 902 F.3d at 882. The district court denied his motion, and Russo appealed to the Eighth Circuit.

The Eighth Circuit noted that the timeliness of Russo's claim depended on whether he was asserting the right initially recognized in *Johnson*, or whether he was asserting a different right that would require the creation of a second new rule. *Id*. at 883. The court explained that if *Johnson* "merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by" Russo, then he could not benefit from the limitations period under 28 U.S.C. § 2255(f)(3). *Id*. The Eighth Circuit decided that the "better view is that *Beckles* 'leaves open the question' whether the mandatory guidelines are susceptible to vagueness challenges," and "[b]ecause the question remains open, and the answer is reasonably debatable, *Johnson* did not recognize the right asserted by Russo." *Id*. at 883 (quoting *Beckles*, 137 S. Ct. at 903 n.4). Because *Johnson* did not recognize the right asserted by Russo, the Eighth Circuit held that Russo could not benefit from the limitations triggering date in 28 U.S.C. § 2255(f)(3), and the district court was correct to dismiss his claim as untimely. *Id*. at 883-84. For the reasons stated in *Russo*, the Court concludes that Movant's petition is likewise untimely.

Because the Eighth Circuit has directly rejected Movant's argument, his challenge to his career offender status cannot stand as a ground for relief. As a result, Movant's claim will be denied.

Accordingly,

5

**IT IS HEREBY ORDERED** that Christopher G. Rhodes's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED.**  Doc. No. 1.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

Dated this 27th day of October, 2020

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE
JEAN C. HAMILTON